IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RICHARD B. WOODFORD,<br><br>Plaintiff,<br><br>v.<br><br>ROB ROBILLARD et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11-CV-370 CW<br><br>District Judge Clark Waddoups |

Plaintiff, Richard Woodford, filed this pro se civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2012). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 U.S.C.A. § 1915 (West 2012). Before the Court are motions to dismiss filed by various defendants and Plaintiff's motion for an emergency evidentiary hearing.

### I. Background

Plaintiff's *pro se* civil rights Complaint consists of twenty-four single-spaced typed pages asserting twenty-five separate claims against nine named defendants. Although the Complaint is verbose and somewhat convoluted, the essence of Plaintiff's Complaint appears to be that he was falsely arrested for failure to pay child support and jailed under inhumane conditions, that during the arrest he was injured by the arresting officer's use of excessive force, and that since his arrest he has continued to suffer injury, harassment and persecution in relation to ongoing child support enforcement proceedings. Plaintiff's Complaint seeks declaratory and injunctive relief as well as compensatory and punitive damages totaling $35,750,000. Besides the officers directly involved

in his arrest, Plaintiff's Complaint also names as defendants the Utah Fifth District Court, the Fifth District Court Records Department, several employees of the Utah Attorney General's Office who were involved with the child support enforcement action, and the City of St. George. Each of these Defendants have filed motions to dismiss which are now properly before the Court.

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) requires the Court to decide whether the factual allegations made in the complaint, if true, would entitle the plaintiff to some sort of legal remedy. To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). Or, in other words, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id*. Additionally, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

When deciding a motion to dismiss the court must accept all well-plead facts as true and draw reasonable inferences from those facts in favor of the non-moving party. *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177. However, legal conclusions, deductions, and opinions couched as facts are not presumed to be true, and the Court must disregard conclusory allegations without supporting factual averments. *See, e.g., Erikson v. Pawnee County Bd. of County Comm.*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). When a civil rights complaint contains only "bare assertions" involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions conclusory and does not afford them the presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55).

### III. St. George City's Motion to Dismiss

The City of St. George moves for dismissal on the ground that the Complaint fails to allege any facts directly linking it to a violation of Plaintiff's civil rights. Specifically, St. George City asserts that the only reason it is named as a defendant is because it is where the Utah Fifth District Court is located. Plaintiff's opposition memorandum essentially concedes that St. George is only named as a defendant because it is where the relevant events occurred, however, Plaintiff further points out that it is also where the relevant Utah Attorney General's offices are located. (Doc. no. 25 at 2.)

To establish the liability of a municipal entity under Section 1983, a plaintiff must show "(1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir.

1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 1205 (1989)). Moreover, the custom or policy cited must operate as the "moving force" behind the violation. *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 399, 117 S. Ct. 1382 (1997). Municipal entities cannot be held liable under § 1983 based on the doctrine of *respondeat superior*. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2051 (1978). In other words, municipal liability may not be premised merely upon the employment of a person who has violated a plaintiff's federally protected rights. *Id.*

Here, Plaintiff has not identified any employee of St. George City as being directly involved with the alleged violation of Plaintiff's rights. Moreover, Plaintiff does not identify any custom or policy adopted by the City of St. George that might have contributed to Plaintiff's injuries. Plaintiff's novel assertion that St. George City is liable merely because the state courthouse and Attorney General's offices are located there is entirely meritless. Thus, St. George City's motion to dismiss is granted.

### IV. State Defendants' Motion to Dismiss

Defendants Ryan Christensen, Paul F. Graff and Roni Lee ("State Defendants"), each of whom are employed by the Utah Attorney General's Office, move for dismissal on the basis of absolute prosecutorial immunity, qualified immunity, and failure to state a claim. Plaintiff's Complaint asserts the following claims against the State Defendants: (1) Malicious prosecution (Compl. at 9, 12); (2) Excessive Bail and Fines – Cruel Punishment (*Id.* at 9); (3) Intimidation (*Id.* at 12); (4) Denial of Right to Free Speech (*Id.* at 13, 16); (5) Tampering with Court Record

Minutes (*Id*. at 12); (6) Tampering with Court Records Transcripts (*Id*. at 12); (7) Conspiracy to Deprive Civil Rights (*Id*. at 13); (8) Negligent Infliction of Emotional Distress (*Id*. at 14, 16); and, (9) Intentional Infliction of Emotional Distress (*Id*. at 15).

### A.  Prosecutorial Immunity

Defendants Graff and Christiansen contend that as Assistant Utah Attorneys General they are entitled to prosecutorial immunity from Plaintiff's claims.  Graff and Christensen assert that at all times relevant to this case they were representing the Office of Recovery Services (ORS) in child support matters and that they are being sued simply for acting within the scope of their employment in prosecuting the state's interests in child support enforcement proceedings.  Plaintiff has not directly responded to this argument.

Under the doctrine of absolute prosecutorial immunity, "state attorneys and agency officials who perform functions analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings" are "absolutely immune from suit under §1983 concerning activities 'intimately associated with the judicial . . . process.'"  *Pfieffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)).  Absolute immunity "allows prosecutors and those performing equivalent functions the latitude to perform their quasi-judicial tasks absent the threat of retaliatory section 1983 litigation."  *Pfeiffer*, 929 F.2d at 1489-90; *see also Imbler*, 424 U.S. at 420.  These tasks include a prosecutor's role both after the initiation of a criminal prosecution and "his role as advocate for the State . . . preliminary to the initiation of a prosecution."  *Burns v. Reed*, 500 U.S. 478, 491 (1994) (quoting *Imbler*, 424 U.S. at 431 n.33).  In either situation,

"the determinative factor is advocacy because that is the prosecutor's main function." *Pfeiffer*, 929 F.2d at 1490 (internal quotations omitted). Where an attorney advocates for the state in a judicial or a quasi-judicial process, he is absolutely immune from liability for alleged civil rights violations stemming from his prosecutorial actions. *See Id.*

Plaintiff's allegations against Graff and Christiansen all relate directly to actions taken while advocating for the State of Utah in child support enforcement proceedings. For instance, Plaintiff asserts that Graff and Christiansen prosecuted him "with malice and without cause without a crime" and that as a result he has "been going to court every 1-2 months or so for Child Support." (Compl. at 9.) Plaintiff further alleges that he is being intimidated by State Defendants because he is in court every 2-3 months and being forced to pay child support while having Graff allegedly say, "I don't care where the money came from as long as it's legally gotten." (*Id*. at 12.) In this same vein, Plaintiff claims intentional infliction of emotional distress because "[h]aving to go to court for Child Support, knowing that I'm ordered to pay child support even though I am unable to work is intentional infliction." (*Id*. at 15.)

Even accepting Plaintiff's characterization of events, all of his allegations against Defendants Graff and Christiansen relate directly to their roles as state's attorneys. These actions included receiving a Foreign Support Order from the State of Nevada, moving to show cause, and participating in preliminary hearings. As required for prosecutorial immunity, each of these actions involved activities traditionally associated with advocacy required prior to the initiation of a prosecution. *See Burns*, 500 U.S. at 491, 111 S. Ct. 1934. Plaintiff does not dispute the legitimacy of the underlying child support obligation nor does he deny that Graff and

Christiansen's actions were directly related to enforcement of the interstate case received from the State of Nevada. Despite Plaintiff's characterizations of their actions, Graff and Christiansen's alleged conduct fits squarely within their prosecutorial roles as advocates for the State of Utah. Accordingly, Graff and Christiansen are entitled to absolute immunity from Plaintiff's claims and they are dismissed from this case.

### B.  Roni Lee

Plaintiff's only allegations against Roni Lee, a legal secretary at the Utah Attorney General's Office in St. George, are: (1) that she "prepared the Motions and related correspondence for [Plaintiff's] Child Support Hearings" (Compl. at 2); (2) that she "sent [Plaintiff's] Motion of [sic] Hearings with discrepancies–not including the issues regarding 'false warrant/false arrest/injury' in the Motions," (*Id*. at 7); and, (3) that she "made false statement[s] and accusations towards [Plaintiff] by telephone, treating [him] like a 'dead beat dad,' [and] judging [him] by hearsay" *(Id.* at 17).

Even construed liberally, Plaintiff's allegations are not sufficient to state a viable civil rights claim against Defendant Lee. As previously discussed, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). Plaintiff's scant allegations against Lee do not satisfy this basic pleadings standard. In fact, it is clear from Plaintiff's Complaint that Lee did not direct or initiate any of the wrongful acts allegedly taken against Plaintiff but, instead, merely performed clerical tasks for Defendants Graff and Christensen. Such limited involvement is not sufficient to affirmatively link Lee to any alleged violation of Plaintiff's civil rights. Thus,

Plaintiff's claims against Defendant Lee are dismissed for failure to state a claim.

### V. Court Defendants' Motion to Dismiss

Utah Fifth District Court and Fifth District Court Records Department ("Court Defendants") move to dismiss on the grounds that they are not "persons" subject to suit under § 1983, they are entitled to sovereign immunity as arms of the state, and because Plaintiff failed to file a Notice of Claim against them as required under Utah's Governmental Immunity Act. *See* Utah Code Ann. § 63G-7-401(2) (West 2012).

Section 1983 provides a remedy against "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected [a plaintiff] . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and Laws . . . ." 42 U.S.C.A. § 1983 (West 2012) (emphasis added). Thus, Section 1983 is the vehicle for suing state actors for violations of the Constitution or of federal laws. *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995). However, in order to be sued under Section 1983, an entity must be a "person" as that term has been defined by the courts. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). "[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* The same is true of entities that are considered "arms of the state," or in other words, "entities created by state governments that operate as alter egos or instrumentalities of the states." *Watson v. University of Utah Med. Ctr.*, 75 F.3d 569, 574 (10th Cir. 1996).

Because the Fifth District Court and its Records Department are arms of the State of

Utah, they are not "persons" subject to suit under section 1983. Thus, Plaintiff's allegations against the Court Defendants fail to state a claim.

### VI. Motion for Evidentiary Hearing–Instructions for Further Proceedings

Plaintiff has filed a motion for an "emergency evidentiary hearing" to which Defendants have responded in opposition. Plaintiff states that a hearing is necessary so "[he] can present to said Court, evidence and sworn statements to prove the validity of his Complaint . . . ." (Doc. no. 43 at 14-15.) Although it is not entirely clear what Plaintiff wants, it appears he merely seeks to move forward with discovery and presentation of evidence regarding his claims.

Given Plaintiff's *pro se* status and inexperience with the discovery process the Court finds that a *Martinez* Report would help move this case forward and avoid unnecessary discovery delays. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering defendants to prepare a report to be included in the pleadings in cases where a plaintiff has filed suit alleging a constitutional violation against government officials). Thus, the remaining Defendants are directed to file a *Martinez* Report addressing Plaintiff's claims within ninety days. The report shall contain the sworn statements of all persons having relevant knowledge of the subject matter. Where Plaintiff's claims or Defendants' defenses relate to or involve the application of administrative rules, regulations, or guidelines, copies of those documents shall also be included with the report.

Defendants shall also file a motion for summary judgment if such a motion can be supported by the evidence presented in their *Martinez* Report. The motion for summary judgment shall be filed separately and shall be accompanied by a supporting memorandum.

Once the summary judgment motion is filed, if Plaintiff believes that additional discovery is necessary to respond, he may file a discovery motion within twenty days. Plaintiff's discovery motion shall specifically identify the information sought and must clearly explain how the information is relevant to the issues at bar. Within ten days Defendants may object to any discovery request that is not specifically tailored to meet Defendants' summary judgment motion or otherwise fails to comply with the Federal Rules of Civil Procedure. Plaintiff is warned that abuse of discovery may result in the Court issuing a summary judgment decision without allowing Plaintiff further opportunity to respond.

If a timely discovery motion is not filed, Plaintiff shall have thirty days to respond to Defendants' summary judgment motion. Plaintiff may also file his own motion for summary judgment within that time if supported by the evidence. Plaintiff is hereby notified that in responding to a summary judgment motion he cannot rest upon the mere allegations in his pleadings. Instead, as required under Federal Rule of Civil Procedure 56(e), Plaintiff must come forth with specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) St. George City's Motion to Dismiss (Doc. no. 23) is **GRANTED**;

(2) State Defendants' Motion to Dismiss (Doc. no. 28) is **GRANTED**;

(3) Court Defendants' Motion to Dismiss (Doc. no. 30) is **GRANTED**;

(4) Plaintiff's motion for evidentiary hearing (Doc. no. 42) is **DENIED**; and,

(5) the remaining Defendants shall file a *Martinez* report and, if appropriate, a motion for summary judgment in accordance with this Order within ninety (90) days. Plaintiff shall respond to any summary judgment motion as directed herein.

DATED this 6th day of April, 2012.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge