# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICHARD B. WOODFORD,<br><br>                Plaintiff,<br><br>  v.<br><br>ROB ROBILLARD ET AL.,<br><br>                Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:11-CV-370 CW<br><br>Judge Clark Waddoups |

## **INTRODUCTION**

This order resolves Plaintiff Richard Woodford's Motion to Reconsider that was filed April 15, 2013. (Dkt. No. 76). Plaintiff moves the court to reconsider its Memorandum Decision and Order dated April 4, 2013 (Dkt. No. 73), in which the court denied Plaintiff's Motion to Compel Discovery (Dkt. No. 54), denied Plaintiff's Motion to Strike (Dkt. No. 64), granted Defendants' Motion for Summary Judgment (Dkt No. 52) and closed the case.

A hearing on the Motion to Reconsider was held before the Honorable Clark Waddoups on July 16, 2013. Plaintiff appeared pro se and attorney Britton Butterfield appeared on behalf of Defendants. The court heard arguments from the parties and granted Plaintiff until July 22, 2013 to respond to the Memorandum Decision, point by point, and produce the evidence Plaintiff felt would better complete the record. The court informed the parties that it would determine whether Defendants needed to further respond after it had reviewed Plaintiff's response. Plaintiff filed his response on July 25, 2013. (Dkt No. 82).

In light of Plaintiff's filing and his failure to proffer evidence to show a material issue of fact in this case, the court has determined that Defendants need not further respond. After again

carefully reviewing the parties' filings and relevant legal authorities, Plaintiff's Motion to Reconsider is DENIED for the reasons set forth below and the case is closed.

## BACKGROUND

Plaintiff Richard Woodford initiated this case when he filed a Complaint in April, 2011 asserting civil rights violations against Defendants under 42 U.S.C. § 1983. (Dkt No. 3). The claims arose out of efforts by the State of Utah's Office of Recovery Services to collect court-ordered child support from Plaintiff. These efforts eventually resulted in the issuance of a Bench Warrant for Plaintiff's arrest and his ultimate arrest pursuant to the Bench Warrant. Plaintiff alleges that he was falsely arrested for his failure to pay child support and jailed under inhumane conditions, that during his arrest he was injured by the arresting officer's use of excessive force, and that following his arrest he continued to suffer injury and harassment stemming from the ongoing child support enforcement action. The specific facts which are key to the determination of Plaintiff's civil rights claims under 42 U.S.C. § 1983 follow.

On January 26, 2009, the State of Utah Office of Recovery Services commenced an action against Plaintiff to enforce a State of Nevada child support Order. On August 7, 2009, Plaintiff failed to appear in response to an Order to Show Cause that had been issued by the Honorable Eric A. Ludlow of the Fifth District Court of Utah. On August 13, 2009, Judge Ludlow issued another Order to Show Cause and scheduled a November 20, 2009 hearing on that Order. On that same day, August 13, 2009, Judge Ludlow also issued a Bench Warrant for Plaintiff's arrest. (Dkt No. 49, Ex. 3).

Plaintiff was at the Washington County Courthouse on another matter on November 17, 2009. While at the Courthouse, Plaintiff was apprehended by Deputy Rob Robillard. Deputy

Robillard asked Plaintiff if he was "Richard Woodford?" Plaintiff replied "yes" and Deputy Robillard proceeded to arrest Plaintiff based on the Bench Warrant previously issued by Judge Ludlow. Deputy Delane Shaw then escorted Plaintiff to a holding cell located downstairs in the Washington County Courthouse. While Deputy Shaw was placing restraints on Plaintiff, Plaintiff told her that he had a problem with his wrist and Deputy Shaw declares that she was then more careful in handcuffing Plaintiff.

Plaintiff later told Deputy Shaw that his wrist was killing him and that he also had a heart condition. Shaw told Plaintiff that there was an EMT available if he needed medical attention to which Plaintiff said he did not want to see the EMT. During the time that Plaintiff was in the holding cell, he became excited and began yelling that he must see Judge Ludlow. Eventually, Plaintiff was taken before Judge Ludlow and Judge Ludlow explained to Plaintiff why he had been arrested. Judge Ludlow then recalled the Bench Warrant and ordered Plaintiff to be released with instructions that Plaintiff attend the Order to Show Cause hearing on November 20, 2009.

## **ANALYSIS**

A motion to reconsider "may be granted when (1) there is an intervening change in controlling law; (2) new evidence becomes available; or (3) there is a need to correct clear error or to prevent manifest injustice." *United States v. Petersen*, 2012 U.S. Dist. LEXIS 96687 *11 (D. Utah July 10, 2012) (quoting *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion to reconsider should not be used to "reargue an issue already addressed by the court when the motion merely advances new arguments, or supporting facts

were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In addition to considering whether Plaintiff has met the requirements for his motion to reconsider, the court also has evaluated Plaintiff's latest filing under a summary judgment standard in light of Defendants' previously filed summary judgment motion. (Dkt No. 52). The court has done this to determine whether Plaintiff has provided any new evidence, in addition to what he had previously proffered, that would be sufficient enough to find a material issue of fact for a jury to hear on his civil rights claims under 42 U.S.C. § 1983. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Cellotex v. Catrett*, 477 U.S. 317, 325 (1986).

This burden may be met merely by identifying portions of the record which show an absence of evidence to support an essential element of the opposing party's case. *Johnson v. City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah 1998). Once the moving party satisfies its initial burden, "the burden then shifts to the nonmoving party to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of [the disputed] element." *Id.* A fact in dispute is "material" only if it might affect the outcome of the suit under governing law. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). The dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).

Here, in Plaintiff's request for the court to reconsider its April 4, 2013 decision and his additional July 25, 2013 response to the court's decision, Plaintiff has not proffered evidence to show any intervening change in the controlling law, nor has he provided any evidence showing that there is a need to correct clear error or to prevent manifest injustice. While he repeats much of what he has asserted and alleged in previous filings, he does present a few items of new evidence, but the new evidence he offers does nothing to assist his case in showing that there is a material issue of fact regarding his claims. What took place at the Washington County Courthouse on November 17, 2009 may have seemed unfair to him, but nothing in the evidence that is before the court shows that the law was broken or that Plaintiff's civil rights were violated.

Defendants provided evidence that a valid warrant was issued by Judge Ludlow, an official holding the authority to validly issue the warrant. Plaintiff argues that the warrant was not valid, but fails to provide evidence from which the court or a jury could find anything improper in the issuance of the warrant or the warrant itself. The actions by the officers in executing the warrant and their treatment of Plaintiff were normal and routine under the circumstances. Plaintiff may not have liked nor appreciated the way he was treated, but the evidence and the facts do not support his claims that his civil rights were violated.

The facts in the evidence show that Utah's Office of Recovery Services commenced an action against Plaintiff on January 26, 2009 to enforce a Nevada child support order. The Plaintiff subsequently failed to appear for a hearing in front of Judge Ludlow on August 7, 2009 as directed in an Order to Show Cause for the child support enforcement action. Judge Ludlow then issued another Order to Show Cause to Plaintiff on August 13, 2009 and scheduled a

hearing for November 20, 2009. Judge Ludlow also issued a Bench Warrant on August 13, 2009 for Plaintiff's arrest.

Plaintiff was in the Washington County Courthouse regarding another matter on November 17, 2009. This is where Deputy Robillard apprehended Plaintiff that day and arrested him, where Deputy Shaw took him down to the courthouse holding cell and put restraints on him, and later where Plaintiff was taken up before Judge Ludlow, released and ordered to return to court on November 20, 2009 before Judge Ludlow for the Order to Show Cause hearing on the Nevada child support case.

Therefore, what occurred that day, November 17, 2009, in the Washington County Courthouse, the events on which Plaintiff's claims are based, was the normal routine of court officers in the performance of their duties under the command given by Judge Ludlow in the Bench Warrant that he issued on August 13, 2009 due to Plaintiff's failure to appear at the hearing set for August 7, 2009. The evidence before the court does not support Plaintiff's claims that Defendants have violated Plaintiff's civil rights. If the state records do not accurately reflect Plaintiff's arrest record, then Plaintiff needs to bring that issue before the state court as this court has no jurisdiction over that matter.

## **CONCLUSION**

The court finds there is not sufficient evidence presented by Plaintiff to find a material issue of fact for a jury to hear his 42 U.S.C. § 1983 claims. Therefore, Plaintiff's Motion to Reconsider (Dkt No. 76) is DENIED and this case is closed.

DATED this 1st day of August, 2013.

                                              BY THE COURT:

                                              _____

                                              Clark Waddoups
                                              United States District Judge